**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ILENE RICHMAN, Individually and on Behalf :    Civil Action No. 10-3461
of All Others Similarly Situated,

              Plaintiff,

     vs.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

              Defendants.

———————————————————— x

HOWARD SORKIN,  Individually and on :    Civil Action No. 10-3493
Behalf of All Others Similarly Situated,

              Plaintiff,

     vs.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

              Defendants.

———————————————————— x

TIKA BOCHNER, Individually and on Behalf :    Civil Action No.  10-3595
of All Others Similarly Situated,

              Plaintiff,

     vs.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

              Defendants.

———————————————————— x

DR. EHSAN AFSHANI, Individually and on
Behalf of All Others Similarly Situated,

                         Plaintiff,

      vs.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

                         Defendants.

:   Civil Action No. 10-3616

---------------------------------------------------------- x

LOUIS GOLD, Individually and on Behalf of
All Others Similarly Situated,

                         Plaintiff,

      vs.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

                         Defendants.

:   Civil Action No. 10-4786

---------------------------------------------------------- x

THOMAS DRAFT, Individually and on Behalf
of All Others Similarly Situated,

                         Plaintiff,

      vs.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR, GARY
D. COHN, and SARAH E. SMITH

                         Defendants.

:   Civil Action No. 10-4812

---------------------------------------------------------- x

2

**TABLE OF CONTENTS**

**PAGE**

I.   STATEMENT OF THE MATTER BEFORE THE COURT.................................3

II.  STATEMENT OF FACTS ..........................................................................4

III. ARGUMENT ...............................................................................................6

      A.   This Court Should Consolidate the Relate Actions .......................6

      B.   The Proposed Lead Plaintiff Has Satisfied The Procedural
           Requirements Pursuant To The PSLRA .........................................7

      C.   The Proposed Lead Plaintiff Constitutes The "Most Adequate
           Plaintiff".........................................................................................8

           1.   The Proposed Lead Plaintiff Has Made A Motion For The
                 Appointment As Lead Plaintiff.............................................9

           2.   The Proposed Lead Plaintiff Has The Largest Financial
                 Interest................................................................................10

           3.   The Proposed Lead Plaintiff Otherwise Satisfies Rule 23.................11

                 a.   The Proposed Lead Plaintiff Fulfills The Typicality
                      Requirement.................................................................12

                 b.   The Proposed Lead Plaintiff Fulfill The Adequacy
                      Requirement.................................................................13

IV.  THE COURT SHOULD APPROVE MOVANT ELIZONDO'S
      CHOICE OF COUNSEL ............................................................................14

V.   CONCLUSION...........................................................................................15

i

**MEMORANDUM OF LAW IN SUPPORT OF**
**PABLO ELIZONDO'S ("MOVANT") MOTION FOR CONSOLIDATION,**
**APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF**
**HIS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

Class member Pablo Elizondo ("Movant") respectfully submits this memorandum of law in support of his motion for: (1) consolidation; (2) appointment as lead plaintiff in the above referenced action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; and (3) approval of his selection of Law Offices Bernard M. Gross, P.C. as lead counsel for the class and Law Offices Kenneth Elan as liaison counsel for the class. This Motion is brought pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act") on the grounds that Movant Elizondo is the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(iii).

## I.     STATEMENT OF THE MATTER BEFORE THE COURT

Presently pending in this District are several class action lawsuits filed on behalf of all purchasers of the common stock of Goldman Sachs Group, Inc. ("Goldman Sachs") (NYSE:GS) against defendants Goldman Sachs Group, Inc. ("Goldman Sachs"), Lloyd C Blankfein, David A. Viniar, and Gary D. Cohn with various class periods[1]. The Related Actions allege violations

---

[1] Movant notes that some of the Related Actions have different class periods as well as have named different defendants.

| Case name | Civil Action No. | Class Period |
|---|---|---|
| *Richman v. Goldman, et al.* | 1:10cv03461 | 10/15/09 - 04/16/10 |
| *Sorkin v. Goldman, et al.* | 1:10cv03493 | 10/15/09 - 04/16/10 |
| *Bochner v. Goldman, et al.* | 1:10cv03595 | 08/05/09 - 04/16/10 |
| *Afshani v. Goldman, et al.* | 1:10cv03616 | 01/02/07 - 04/16/10 |
| *Gold v. Goldman, et al.* | 1:10cv04786 | 12/14/06 - 06/09/10 |
| *Draft v. Goldman, et al.* | 1:10cv04812 | 02/06/07 - 04/30/10 |

of §§10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §78(j)(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

This Motion is made on the grounds that, to his knowledge, Movant is the "most adequate plaintiff" as defined by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant suffered losses exceeding $1.7 million from his Class Period purchase of over 25,000 shares of Goldman Sachs common stock and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* Declaration of Deborah R. Gross in Support of Pablo Elizondo's Motion for Consolidation of Related Actions, Appointment of Lead Plaintiff and Approval of Lead and Liaison Counsel ("Gross Decl.), Exhibits B and C (lead plaintiff certification and loss chart). Further, Movant has selected his counsel with the skill and experience necessary to vigorously prosecute this litigation on behalf of the class. *See* Gross Decl., Exhibits D and E (firm resumes of proposed lead and liaison counsel).

## II.    STATEMENT OF FACTS

The Goldman Sachs Group, Inc., together with its subsidiaries, provides investment banking, securities, and investment management services to corporations, financial institutions, governments, and high-net-worth individuals worldwide. The Goldman Sachs Group also provides global investment research services. The company was founded in 1869 and is headquartered in New York, New York.

During the Class Period, defendants misled investors regarding the status of Goldman Sachs and the Wells Notice it received from the SEC relating to the ABACUS 2007-AC1 transaction.

4

Specifically, the complaints allege that defendants issued materially false and misleading statements regarding the Company's business, specifically with respect to events which had occurred in early 2007, when the Company's principal U.S. broker-dealer, Goldman, Sachs & Co. ("GS&C"), was selling a security called ABACUS 2007-AC1 while simultaneously accommodating another client that was entering into short transactions as to the securities underlying the ABACUS investment and other similar securities. According to recent reports in *The Wall Street Journal*, Goldman received, in July 2009, a Wells Notice from the SEC about the ABACUS 2007-AC1 transaction. In the fall of 2009, Goldman was responding to this notice, yet failed to inform investors that it had even received such a notice. In October 2009, as Goldman reported a 190% increase in year-over-year quarterly earnings and faced questions about more than $16 billion in bonuses, the Company made a concerted effort to combat negative publicity. This included many interviews discussing the Company's social benefits and a $200 million donation to promote education. However, the Company concealed that it had received a Wells Notice and that there were any issues with respect to its prior practices in the mortgage market. In December 2009, *The New York Times* published an word article on questionable aspects of the ABACUS 2007-AC1 transaction. Rather than admit that there had been questionable activities surrounding the transaction, Goldman claimed clients knew about many of the questionable aspects of the transaction and that its creation was driven by client demand. Goldman further concealed the Wells Notices and ongoing SEC investigation. As a result of defendants' false statements, Goldman stock traded at artificially inflated prices during the Class Period, reaching highs of $188.63 per share on October 15, 2009 and $184.92 per share on April 14, 2010.

Ultimately, on April 16, 2010, after the market opened, Goldman's U.S. broker-dealer, GS&C, was sued by the SEC "for making materially misleading statements and omissions in connection" with ABACUS 2007-AC1.  On April 16, 2010, as news of the SEC's allegations were widely disseminated, Goldman stock immediately lost a dramatic 13% of its value.  It declined from $184.27 per share on April 15, 2010 to close at $160.70 per share on April 16, 2010.

On the evening of April 29, 2010, *The Wall Street Journal* revealed that Goldman Sachs had become the subject of a criminal probe by federal prosecutors.  On April 30, 2010, the next trading day, Goldman Sachs' stock reacted to this development by plummeting 9.4% from $160.24 to $145.20 per share, on volume of just under 73 million shares.

On June 10, 2010, *Bloomberg* and *Financial Times* reported that the SEC was now probing Goldman Sachs' conduct with respect to the Hudson CDO. *See* Michael Moore, "Goldman Falls to Lowest in a Year after SEC Probes Hudson CDO," *Bloomberg*, June 10, 2010; Francesco Guerrera, Justin Baer and Greg Farrell, "SEC Probes Second Goldman Security," *Financial Time*, June 10, 2010.  In response to the above reports, Goldman Sachs' stock price fell $3.03 per share on June 10, 2010, closing at $133.77 (a loss of 2.2%).  Goldman Sachs' stock closed down even though the broader stock market closed significantly up on that day (Dow Jones index closing up 2.8%, and S&P 500 closing up 3.0%).

## III.  ARGUMENT

### A.    This Court Should Consolidate the Relate Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [is] filed," the court shall not

6

appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15

U.S.C. § 78u-4(a)(3)(B)(ii).   To date, Movant is aware of six Related Actions in this district

against defendants:

| Case name | Civil Action No. | Class Period |
|-----------|------------------|--------------|
| *Richman v. Goldman, et al.* | 1:10cv03461 | 10/15/09 - 04/16/10 |
| *Sorkin v. Goldman, et al.* | 1:10cv03493 | 10/15/09 - 04/16/10 |
| *Bochner v. Goldman, et al.* | 1:10cv03595 | 08/05/09 - 04/16/10 |
| *Afshani v. Goldman, et al.* | 1:10cv03616 | 01/02/07 - 04/16/10 |
| *Gold v. Goldman, et al.* | 1:10cv04786 | 12/14/06 - 06/09/10 |
| *Draft v. Goldman, et al.* | 1:10cv04812 | 02/06/07 - 04/30/10 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate

when the actions involve common questions of law or fact. *See, Johnson v. Celotex Corp.*, 899

F.2d 1281, 1284 (2d cir.), cert denied, 498 U.S. 920 (1990).    That test is met here and the

Actions should be consolidated.

**B.     The Proposed Lead Plaintiff Has Satisfied
The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C.

§77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action,

publish a notice to the class informing class members of the pendency of the action and his right

to file a motion for appointment as lead plaintiff.   15 U.S.C. §77z-1(a)(3)(A)(i).   Plaintiff

Richman, in the first-filed action in the Southern District of New York, published a notice over

the *Business Wire* national wire service on April 26, 2010. *See* Gross Decl., Exhibit A.[2]   This

---

[2]The *Business Wire* service is a suitable vehicle for meeting the statutory requirement that notice
be published "in a widely circulated national business-oriented publication or wire service." *See
In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v. FTP Software,*

notice advised class members of the pendency of the action, the claims asserted therein and the purported class period. Pursuant to the PSLRA, motions for the appointment of lead plaintiff must be filed "not later than 60 days after the date on which the notice is published" which, in this case, is June 25, 2010. 15 U.S.C. §77z-1(a)(3)(A)(i)(II).

Furthermore, within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. §77z-1(a)(3)(A)(i)(II). Accordingly, Mr. Elizondo has timely moved for appointment as Lead Plaintiff.

**C.    The Proposed Lead Plaintiff Constitutes The "Most Adequate Plaintiff"**

According to the PSLRA, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff, the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. §77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

---

*Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6,1997).

15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  *See generally Greebel*, 939 F. Supp. at 64; *Lax*, 1997 U.S. Dist. LEXIS 11866 at *7.

In applying this presumption, Movant Elizondo is demonstrably the most adequate plaintiff.  He has timely filed his motion to be appointed as Lead Plaintiff; submitted his certification attesting to his transaction in Goldman Sachs common stock during the Class Period and his willingness to serve as a representative party; sustained the largest known financial loss as a result of his transaction in Goldman Sachs common stock; and has selected and retained competent and experienced counsel to represent him and the Class.

Accordingly, the Proposed Lead Plaintiff has  satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B), and respectfully submits that his application for appointment as Lead Plaintiff and his selection of Lead Counsel should be approved by the Court.

### 1.    The Proposed Lead Plaintiff Has Made A Motion For The Appointment As Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §77z-1(a)(3)(A) and (B) expires on June 25, 2010.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movant Elizondo, has timely moved this Court to be appointed as Lead Plaintiff on behalf of all class members covered by the above-captioned actions and any other actions deemed related by this Court.

In addition, Movant Elizondo has duly signed and submitted his certification attesting to his transaction in Goldman Sachs common stock during the Class Period, and indicating his willingness to serve as the representative party on behalf of the class.  *See* Exhibits B and C. Moreover, Movant Elizondo has selected and retained competent and experienced counsel to

represent him and the Class.  *See* a copy of the firm biographies of the Law Offices Bernard M. Gross, P.C. and Law Offices Kenneth Elan attached to the Gross Decl. Exhibits D and E, respectively.

Accordingly, the Proposed Lead Plaintiff has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and his selection of the Law Offices Bernard M. Gross, P.C. to serve as Lead Counsel and Law Offices Kenneth Elan to serve as Liaison Counsel approved by the Court.

### 2.    The Proposed Lead Plaintiff Has The Largest Financial Interest

According to 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb), the court shall appoint as lead plaintiff, the class member or members who represents the largest financial interest in the relief sought by the action.  As is demonstrated herein, Movant Elizondo has the largest known financial interest in the relief sought by the Class and accordingly, is presumed to be the "most adequate plaintiff."

Although the PSLRA is silent as to the manner in which the "largest financial interest" should be calculated, courts have noted that four factors are surely relevant to this inquiry.

> (1) the number of shares; (2) the number of net shares purchased; (3) the total net funds expended by the Plaintiff during the class period; and (4) the approximate losses suffered by the Plaintiff."

*Lax v. First Merchants*, 1997 U.S. Dist. LEXIS 11866, at *17.  During the proposed Class Period, Pablo Elizondo purchased 26,500 shares of Goldman Sachs common stock at a price alleged to be artificially inflated by defendants' materially false and misleading statements and omissions.   As a result, Movant Elizondo suffered losses in excess of $1.7 million.[3]

---

[3] The PSLRA provides that the "90-day average" is calculated as the "average of the daily trading price of [the subject] security, determined as of the close of the market each day during the 90-

10

Thus, Movant Elizondo satisfy all of the PSLRA's requirements for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### 3.    The Proposed Lead Plaintiff Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766(DAB), 2002 U.S. Dist. LEXIS 10134, at *14(S.D.N.Y. June 6, 2002). *See also, In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). As detailed below, the Proposed Lead Plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

---

day period" beginning "on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market" or here, the end of the class period. *Gold v. Goldman Sachs, et al.*, 10-cv-4786 ends their class period on June 9, 2010. *See* 15 U.S.C. §§ 78u-4(e)(1), (2). *See* Exhibit C for the computation of loss chart.

a.     **The Proposed Lead Plaintiff Fulfills**
**The Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F. 2d 590, 598 (2d Cir. 1986); *Babcock v. Computer Assoc. Int'l. Inc.*, 212 F. R. D. 126, 130 (E.D.N.Y. 2003). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Crayfish*, 2002 U.S. Dist. LEXIS 10134, at *14. Defendants' conduct misleading the market was not unique to Movant Elizondo, but rather typical of all of the class members who acquired Goldman Sachs common stock in the open market. Pablo Elizondo purchased common stock during the Class Period.

The Proposed Lead Plaintiff seeks to represent a class of purchasers of Goldman Sachs common stock which have identical, non-competing and non-conflicting interests. Movant Elizondo satisfies the typicality requirement because, just like all other class members, he: (1) purchased Goldman Sachs common stock during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Proposed Lead Plaintiff's claim is typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

12

### b.    The Proposed Lead Plaintiff Fulfill
### The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock*, 212 F.R.D. at 131 (citation omitted).

Here, Movant Elizondo is more than an adequate representative of the Class because his interests are clearly aligned with the interests of the members of the putative Class, and there is no evidence of any antagonism between his respective interests. As detailed above, Movant Elizondo shares common questions of law and fact with the members of the Class and his claims are typical of the claims of other class members. Further, Movant already has taken significant steps demonstrating that he has and will protect the interests of the Class: Movant Elizondo executed a certification detailing his Class Period transaction and expressing his willingness to serve as a class representative[4]; he has moved this Court to be appointed as Lead Plaintiff in this action; he has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner and he has the largest known financial interest at stake in this litigation. Thus, the Proposed Lead Plaintiff *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure. *See generally*, *In re Orion Sec. Litig.*, 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. 2008); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432 (S.D.N.Y. 2008).

---

[4] *See* Gross Decl. Exhibits B and C.

13

IV.    THE COURT SHOULD APPROVE MOVANT ELIZONDO'S
       CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  In that regard, Movant Elizondo has selected the Law Offices Bernard M. Gross, P.C. to serve as Lead Counsel for the Class and Law Offices Kenneth Elan as Liaison Counsel.  These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class.  *See* Gross Decl. Exhibits D and E, respectively.

Because there is nothing to suggest that Movant Elizondo or his counsel will not fairly and adequately represent the Class, or that the Movant Elizondo is subject to unique defenses -- which is the *only* evidence that can rebut the presumption of adequacy under the Act -- this Court should appoint Movant Elizondo as Lead Plaintiff and approve their selection of the Law Offices Bernard M. Gross, P.C., as Lead Counsel for the Class and Law Offices Kenneth Elan as Liaison Counsel.

## V.    CONCLUSION

For the foregoing reasons, Movant Elizondo respectfully requests that the Court: (a) consolidate the actions (b) appoint Pablo Elizondo as Lead Plaintiff; (c) approve the Law Offices Bernard M. Gross, P.C. as Lead Counsel for the Class; and (d) approve Law Offices Kenneth Elan as Liaison Counsel for the Class.

Dated: June 25, 2010

Respectfully submitted,

LAW OFFICES KENNETH ELAN

_____
KENNETH ELAN
217 Broadway, Suite 606
New York, NY 10007
Telephone: 212-619-0261
Fax: 212-385-2707
Email: elanfirm@yahoo.com

Proposed Liaison Counsel

**LAW OFFICES BERNARD M. GROSS, P.C.**
**DEBORAH R. GROSS**
Suite 450, The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Tele: 215-561-3600
Fax: 215-561-3000
Email: debbie@bernardmgross.com

Proposed Lead Counsel

15